IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DILLON ANDREW SHADLE, ) | |
| ) | |
| Petitioner, ) | 8:16CV186 |
| ) | |
| V. ) | |
| ) | |
| STATE OF NEBRASKA, ) | MEMORANDUM AND ORDER |
| ) | |
| Respondent. ) | |
| ) | |

I will deny the Petitioner's motion to reconsider the dismissal without prejudice of his amended petition because it was not filed by the deadline of July 5, 2016. The evidence shows on the last page of filing no. 9 (the amended petition) that the required amended petition was not placed in the prison mail box until July 6, 2016. (See Pitney Bowes stamp[1]). As a result, he cannot claim the benefit of the "prison mail box" rule. *See*, *e.g.*, Miller v. Lincoln Cty., 171 F.3d 595, 595 (8th Cir. 1999) (prison mail box rule did not save notice of appeal because it was placed in the prison mail system one day late).

IT IS ORDERED that the motion to reconsider (filing no. 8) is denied and the judgment dismissing this case without prejudice shall stand. The Clerk shall terminate (filing no. 9).

DATED this 9th day of August, 2016.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge

---

[1] Petitioner's hand-written date added to the otherwise typed motion for reconsideration suggests the date of mailing of the amended petition was July 1, 2016. Petitioner makes no effort to explain the time lag between that hand written date of July 1, 2016 and the date of the prison's mail stamp of July 6, 2016. Petitioner has the burden of proof to show timely mailing under the prison mail box rule. *See*, *e.g.*, Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005). He has not done so.